UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MICHAEL GREENE,

                    Plaintiff,                          Case No. 2:16-cv-44

v.                                                      Honorable R. Allan Edgar

R. MILLER, et al.,

                    Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Woods.  The Court will serve the complaint against Defendants Butler and Miller with regard to Plaintiff's retaliation and equal protection claims, but will dismiss Plaintiff's due process claims against these Defendants.

**Discussion**

I.      Factual allegations

Plaintiff Michael Greene, a state prisoner currently confined at the Ojibway Correctional Facility (OCF), filed this *pro se* civil rights action against Defendants Corrections Officer R. Miller, Prison Counselor B. Butler, and Warden Jeffrey Woods, who were employed at the Chippewa Correctional Facility (URF) during the pertinent time period.

In his complaint, Plaintiff alleges that on March 18, 2014, he arrived at URF.  On March 19, 2014, Plaintiff was moved from Chippewa West to Chippewa East.  After he was placed in Chippewa East, he was sent to the property room to receive his property.  At this point, Defendant Miller told Plaintiff that his KTV televison, Behringer guitar amp, and Harbinger weight lifting gloves would be stored in the Property Room until a contraband hearing could be held.  Plaintiff explained that the property had been legally purchased and was not contraband.  Defendant Miller replied that if that was the case, his things would be stored because URF East did not have a music program.  Plaintiff was told that he would have to work things out with Defendant Butler.  Plaintiff was given a contraband removal record.

On March 20, 2014, Plaintiff asked Defendant Butler about a vendor to repair his broken television.  Defendant Butler responded that he did not know anything about that and to contact the property room.  On April 1, 2014, Plaintiff sent an inquiry to the property room regarding his property, but received no response.  Plaintiff wrote to the property room again on April 9, 2014, but received no response.

On April 15, 2014, Plaintiff asked Defendant Butler about his property.  Defendant Butler responded that he had not received any paperwork on it, so nothing could be done.  Plaintiff

expressed concern that it had been almost 30 days and that his property might be destroyed if unclaimed.  Defendant Butler stated that Plaintiff had better figure something out.  Plaintiff asked if he would get better results if he filed a grievanc.  Defendant Butler told Plaintiff that would not be a good idea because "people tend to take those things personally around here."  Plaintiff asked about his alternatives and Defendant Butler reiterated, "like I said, figure it out."  Plaintiff wrote a grievance regarding his property.

On April 24, 2014, Sergeant A. Ormsbee interviewed Defendant Miller regarding Plaintiff's property.  Defendant Miller remembered Plaintiff and issued a Notice of Intent to conduct an administrative hearing regarding Plaintiff's property.  On April 28, 2014, Plaintiff wrote to the URF Administrative Assistant Robert Beaulieu complaining that policy was being violated.  Plaintiff did not receive a response.  On May 5, 2014, Plaintiff wrote to Defendant Woods, but did not receive a response.

On May 9, 2014, Plaintiff was called into Defendant Butler's office and was asked where he wanted to have his property sent.  Plaintiff realized that this was intended to be the hearing on his Notice of Intent and stated that Policy Directive 04.07.112 mandates that his property be returned to him and that if it was really contraband, it would be destroyed, rather than sent out.  Plaintiff continued that he should not be forced to send anything out.  Defendant Butler responded that Plaintiff should have thought of that before he filed a grievance.  When Plaintiff continued to refuse to have his property sent out, Defendant Butler indicated that it would be destroyed.  Plaintiff then said he would like to send his television out for repair, but Defendant Butler indicated that they did not have a vendor for that.  When Plaintiff stated that URF did have a vendor and that he could show Defendant Butler the information, Defendant Butler stated, "what I mean is we don't do that

anymore." Plaintiff argued that the information was recently posted in the day room and that another inmate named Harper had just sent a television out for repair. Defendant Butler said, "well you're not him are you?" When Plaintiff asked what the difference was between himself and Harper, Defendant Butler told him to look in the mirror. Defendant Butler also stated, "didn't they tell you when you got here that URF stands for you are fucked?" Plaintiff subsequently filed a grievance and sent a complaint regarding Defendant Butler's conduct to Defendant Woods. Plaintiff states that he is African American and inmate Harper is Caucasian.

Plaintiff states that Defendants violated his rights under the First and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      Initially, the court notes that a plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Plaintiff must establish that Woods was personally involved, or that he otherwise encouraged or condoned the action of the offending employees. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976) and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). There must be more than merely a right to control employees, as plaintiff must show that Woods at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending employees. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts that show Woods encouraged or condoned the conduct of the officers, or that Woods authorized, approved or knowingly acquiesced in the conduct. Because Plaintiff's § 1983 action is premised on nothing more than respondeat superior liability, his action fails to state a claim. *Copeland*, 57 F.3d at 481.

In addition, Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property

loss of less than $1,000 to the State Administrative Board.  MICH. COMP. LAWS § 600.6419; MDOC

Policy Directive 03.02.131 (effective Oct. 21, 2013).  Alternatively, Michigan law authorizes actions

in the Court of Claims asserting tort or contract claims "against the state and any of its departments,

commissions, boards, institutions, arms, or agencies."  MICH. COMP. LAWS § 600.6419(1)(a).  The

Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for

deprivation of property.  *See Copeland*, 57 F.3d at 480.  Plaintiff does not allege any reason why a

state-court action would not afford him complete relief for the deprivation, either negligent or

intentional, of his personal property.  Accordingly, Plaintiff's due process claims will be dismissed.

      Finally, the Court notes that Plaintiff's equal protection and retaliation claims against

Defendants Miller and Butler are nonfrivolous and may not be dismissed on initial review.

## Conclusion

      Having conducted the review required by the Prison Litigation Reform Act, the Court

determines that Defendant Woods will be dismissed for failure to state a claim pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), as will Plaintiff's due process claims against

Defendants Miller and Butler.  The Court will serve the complaint against Defendants Miller and

Butler with regard to Plaintiff's retaliation and equal protection claims.

      An Order consistent with this Opinion will be entered.


Dated:   4/1/2016                         /s/ *R. Allan Edgar*
                                        R. Allan Edgar
                                        United States District Judge