UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GREENE #251997,

    Plaintiff,

v.                                                        Case No. 2:16-cv-44
                                                               HON.  GORDON J. QUIST

R. MILLER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael Greene, an inmate in the Michigan Department of Corrections, filed this *pro se* civil rights action against Corrections Officer R. Miller and Prison Counselor B. Butler.  Plaintiff asserts a retaliation claim against Defendant Miller and an equal protection claim against Defendant Butler.  Plaintiff has filed a motion for summary judgement or partial summary judgment.  (ECF No. 17.)  Defendants have responded. (ECF No. 23.) Plaintiff has replied.  (ECF No. 25.)  This matter is now ready for decision.

The facts in the case were previously summarized by the Court:

> Plaintiff's allegations arise from a series of events occurring shortly after he was transferred to Chippewa Correctional Facility (URF).  On March 19, 2014, Plaintiff met with Defendant Miller to receive his property.  During this meeting, Defendant Miller informed Plaintiff that his broken television, guitar amp, and weight lifting gloves were considered contraband at URF.  Plaintiff told Defendant Miller that the items were legally purchased, therefore, not contraband.  Defendant Miller explained to Plaintiff that he would have to work it out with Defendant Butler.  Plaintiff was then issued a contraband removal record.
>
> On March 20, 2014, Plaintiff asked Defendant Butler if he knew any vendors that would repair his broken television.  Defendant Butler responded: "I don't know anything about that, contact the

Property Room." Over the next couple of weeks, Plaintiff attempted to contact the property room staff. However, Plaintiff never received a response.

On April 15, 2014, Plaintiff again asked Defendant Butler about his property. Defendant Butler responded that he could not do anything because he never received any paperwork on Plaintiff's property. At this point, Plaintiff expressed concern that his property may be destroyed if it goes unclaimed for 30 days. Defendant Butler replied: "well, I guess you better figure something out." Plaintiff asked if he should file a grievance. Defendant Butler responded that filing a grievance would not be a good idea because "people tend to take those things personally around here." Plaintiff asked about his alternatives and Defendant Butler reiterated, "like I said, figure it out." Plaintiff proceeded to file a grievance regarding his property.

As part of an investigation into Plaintiff's grievance, Defendant Miller was interviewed regarding Plaintiff's property on April 24, 2014. After the interview, Defendant Miller issued a Notice of Intent to conduct an administrative hearing, which stated that Plaintiff's property should be destroyed because it was contraband. Plaintiff alleges that Defendant Miller determined that the property should be destroyed in response to Plaintiff filing a grievance. Plaintiff proceeded to write letters complaining that prison policy was being violated to the administrative assistant and the warden at URF, but never received a response.

On May 9, 2014, Defendant Butler called Plaintiff into his office and asked where he wanted to have his property sent. Plaintiff argued that he should not have to send any of the property out because the property was not contraband. In addition, Plaintiff stated that even if it was contraband, Policy Directive 04.07.112 mandated that the contraband be destroyed instead of sent out. Defendant Butler then stated: "well you should have thought about that before you started writing grievances." When Plaintiff continued to refuse to have his property sent out, Defendant Butler indicated that it would be destroyed. Plaintiff also asked Defendant Butler again about a vendor that could repair his broken television. Defendant told Plaintiff that "we don't have a vendor for that here." Plaintiff then responded that a fellow inmate had just sent his television out for repair. Defendant Butler said, "well you're not him are you?" When Plaintiff asked what was the difference between himself and the fellow inmate, Defendant Butler told him to look in the mirror. Defendant Butler also said, "didn't they tell you when you got here that URF stands for you

>are fucked?"  Plaintiff alleges that he is African-American and the fellow inmate is Caucasian.

(ECF No. 20, PageID.146-148.)

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

Plaintiff first asserts a retaliation claim against Defendant Miller.  Plaintiff alleges that Defendant Miller issued a Notice of Intent to destroy Plaintiff's property only after Plaintiff filed a grievance against him. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.*; *Smith v. Campbell*,

250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, Plaintiff was engaged in protected conduct—filing prison grievances. *See Campbell*, 250 F.3d at 1037 (finding that the filing of a prison grievance is constitutionally protected conduct). However, Defendant Miller argues that he did not have any involvement in the alleged adverse action of the case, which was the ultimate disposition of Plaintiff's property. Moreover, Defendant Miller argues that his actions were not motivated by Plaintiff filing a grievance against him. Instead, Defendant Miller states that he issued the Notice of Intent because the non-working television, guitar amp, and weight lifting gloves with straps were considered contraband under MDOC Policy Directive 04.07.112. In the opinion of the undersigned, Plaintiff is not entitled to judgment as a matter of law on his retaliation claim because questions of fact remains as to (1) whether a Notice of Intent constitutes an adverse action; (2) whether Plaintiff's property was contraband; and (3) whether Defendant Miller's conduct was motivated by Plaintiff filing a grievance.

Next, Plaintiff asserts an equal protection claim against Defendant Butler. Plaintiff alleges that Defendant Butler allowed a white inmate to send his television out for repair, but would not allow Plaintiff, who is African-American, to do the same. Plaintiff alleges that when he asked Defendant Miller why the other inmate was allowed to send out his television for repair, Defendant told him to "look in the mirror." The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To establish a violation of the Equal Protection Clause, an inmate must show that the defendants purposefully discriminated against him. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Such discriminatory purpose must be a motivating

factor in the actions of the defendants. *Id.* at 265-66. "A plaintiff presenting a race-based equal protection claim can either present direct evidence of discrimination, or can establish a prima facie case of discrimination under the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 458 (6th Cir. 2011).

Although Defendant Butler does not remember exactly what happened to the television, he states that he never discriminated against Plaintiff based on his race. Defendant Butler further states that he never made any discriminatory comments and that all of his actions were consistent with the policy and procedures of the Michigan Department of Corrections. In the opinion of the undersigned, Plaintiff is not entitled to judgment as a matter of law on his equal protection claim because questions of fact remain as to whether Defendant Butler made any racial comments, and whether Defendant Butler acted with a discriminatory purpose.

Accordingly, it is recommended that Plaintiff's motion for summary judgment or partial summary judgment (ECF No. 17) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  December 6, 2016

      /s/ Timothy P. Greeley_____
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE