UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GREENE #251997,

      Plaintiff,                         Case No.  2:16-CV-44

v.                                      HON. GORDON J. QUIST

R. MILLER, et al.,

      Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff, Michael Greene, has filed Objections to Magistrate Judge Greeley's December 6, 2016 Report and Recommendation (R & R) recommending that the Court deny Greene's motion for summary judgment.  Greene alleges a retaliation claim against Defendant Miller and an equal protection claim against Defendant Butler.  The magistrate judge concluded that Greene's motion should be denied with regard to the retaliation claim because Defendant Miller's affidavit raises several genuine issues of material fact, including (1) whether the Notice of Intent constitutes an adverse action; (2) whether Greene's property was contraband per MDOC policy; and (3) whether Defendant Miller's conduct was motivated by Greene's grievance.  (ECF No. 26 at PageID.213.) Regarding the equal protection claim against Defendant Butler, the magistrate judge concluded that Defendant Butler's affidavit created genuine issues of material fact, including whether Defendant Butler made any racial comments and whether he acted with a discriminatory purpose.  (*Id.* at PageID.213–14.)

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  After conducting a *de novo*

review of the R & R, Greene's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Greene's motion denied.

In his Objections, Greene argues that the magistrate judge erred by relying on Defendants Miller's and Butler's self-serving affidavits. Greene argues, as the Court understands it, that in order to defeat Plaintiff's motion for summary judgment, Defendants were required to present some admissible evidence beyond their own affidavits. Greene is mistaken. Defendants' affidavits, alone, created genuine issues of fact on Greene's claims. At trial, Defendants' testimonies, without any other evidence, may suffice to defeat Greene's claims. Moreover, the magistrate judge did not make an improper credibility determination as Greene suggests.

Therefore,

**IT IS HEREBY ORDERED** that the December 26, 2016, Report and Recommendation (ECF No. 26) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 17) is **DENIED**.

Dated: January 13, 2017            /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE