UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GREENE,

       Plaintiff,

v.

R. MILLER, et al.,

       Defendants.
_____/

Case No. 2:16-CV-44

HON. GORDON J. QUIST

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

On September 18, 2017, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion for summary judgment on Plaintiff's remaining claims for retaliation and violation of his right to equal protection and dismiss Plaintiff's complaint. Regarding Plaintiff's retaliation claim, the magistrate judge concluded that Plaintiff cannot show that Defendant Miller took an adverse action against Plaintiff because Defendant Miller's issuance of the Notice of Intent to Conduct an Administrative Hearing (NOI)—the only action that Defendant Miller took after Plaintiff filed a grievance on April 15, 2014—was not an adverse action. (ECF No. 58 at PageID.58.) As for Plaintiff's equal protection claim against Defendant Butler, the magistrate judge concluded that Plaintiff failed to show that prisoner Harper, who is white, is similarly situated to Plaintiff. (*Id.* at PageID.474.)

Plaintiff filed Objections to the R & R on September 27, 2017. (ECF No. 59.) On October 6, 2017, the Court entered an Order granting in part Plaintiff's appeal of the magistrate judge's May 16, 2017, Order regarding Plaintiff's requests for admission. Although the Court agreed with

the magistrate judge's analysis, the Court nonetheless directed Defendants to respond to Plaintiff's requests for admission and granted Plaintiff permission to file a supplemental objection based on Defendants' answers to the requests for admission. (ECF No. 61.) Pursuant to the October 6, 2017, Order, Plaintiff has filed a Supplemental Objection (ECF No. 63), and Defendants have filed a response. (ECF No. 65.)

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiff's Objections and Supplemental Objection, Defendants' Response, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Defendants' motion for summary judgment should be granted.

Plaintiff argues that the magistrate judge erred in his analysis of the retaliation claim for several reasons, including that, contrary to the magistrate judge's statement, Plaintiff never asked for a hearing in grievance URF-1404-1252-07C. (ECF No. 59 at PageID.479.) Plaintiff further argues that, contrary to the magistrate judge's conclusion, the NOI did constitute an adverse action because Miller's designation in the NOI that Plaintiff's property should be destroyed constituted a change of disposition. Plaintiff's arguments lack merit.

As the magistrate judge noted, Defendant Miller confiscated as contraband Plaintiff's broken television, guitar amp, and weightlifting gloves on March 19, 2014, when Plaintiff arrived at Chippewa Correctional Facility. At that time, Defendant Miller completed a Contraband Removal Record, indicated that Plaintiff's property was "[s]ecured [i]n Property Room," and checked the box for a hearing. (ECF No. 59-1 at PageID.488.) It is undisputed that Plaintiff had not engaged in any protected conduct at the time Defendant Miller confiscated Plaintiff's property.

2

Plaintiff did not file a grievance until April 15, 2014—27 days later.[1] Defendant Miller issued the NOI on April 24, 2014, apparently in response to Plaintiff's grievance, and chose as the proposed disposition that the property be destroyed. (ECF No. 59-1 at PageID.489.) The NOI shows that Plaintiff requested a hearing, which he eventually received. As the magistrate judge observed, the NOI did not change the disposition of Plaintiff's property, which had already been confiscated before Plaintiff filed a grievance, but merely granted Plaintiff a hearing, consistent with what Defendant Miller marked on the Contraband Removal Form. Defendant Miller did not conduct the hearing and had no further involvement in the disposition of Plaintiff's property. In short, because Defendant Miller had already confiscated Plaintiff's property as contraband, the NOI could not have served to further deprive Plaintiff of his property; instead, it granted Plaintiff a hearing and the opportunity to get his property back.

As for Plaintiff's equal protection claim, the Court concurs with the magistrate judge that Plaintiff fails to present sufficient evidence to show that Defendant Butler discriminated against Plaintiff by ordering that Plaintiff's television be destroyed and not allowing Plaintiff to send it out for repair. The magistrate judge stated that Defendant Butler determined that Plaintiff's television was damaged during transport and that Plaintiff could seek reimbursement through the State Administrative Board. Plaintiff says that this is not correct because the television was damaged at the Gus Harrison facility before Plaintiff was transferred. While the Prisoner Personal Property Receipt that Plaintiff submits with his Objections (ECF No. 59-1 at PageID.491) tends to support his assertion, such fact is not material to Plaintiff's claim. That is, Plaintiff still fails to demonstrate intentional discrimination because he has not shown that his proposed comparator,

---

[1] In their Response, Defendants point to the MDOC Step III Grievance Report to argue that "Plaintiff filed his first grievance relative to his property on May 9, 2014, after his hearing with Defendant Butler." (ECF No. 65 at PageID.526.) However, Defendants ignore the Step I grievance (URF 1404-1252-07C) dated April 15, 2014, and signed by Sgt. A. Ormsbee on April 25, 2014, that Plaintiff attached to his response to Defendants' motion.

prisoner Harper, was similarly situated to Plaintiff "in all material respects." *Echavarria v. Washington*, No. 1:16-CV-107, 2016 WL 1592623, at *4 (W.D. Mich. Apr. 21, 2016). That is, Plaintiff fails to provide not only evidence regarding the condition of Harper's television, but also evidence that Butler made, or was at least involved in, the decision to allow prisoner Harper to send his television out for repair.

Therefore,

**IT IS HEREBY ORDERED** that the September 18, 2017, Report and Recommendation (ECF No. 58) is **approved and adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 37) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

A separate judgment will enter.

This case is **concluded**.


Dated: December 7, 2017                    /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE